Ms. Camille Steadman Thompson Staff Attorney City of Bentonville 117 West Central Bentonville, Arkansas 72712
Dear Ms. Thompson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the decision of the Bentonville Chief of Police to redact certain information from the file of a former Bentonville police officer prior to releasing such records to him and his attorney is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to-109 (Repl. 2002 and Supp. 2005). Specifically, the former officer's attorney has requested ". . . all records regarding [the former officer] either contained in his personnel files or elsewhere related to any investigations or disciplinary acts including but not limited to investigation reports, evidence, witness statements, hand written notes, findings, and causes for termination of employment."[1]
You state that "three (3) investigative internal affairs files exist in the custody of the Bentonville Police Department" and that "[a]fter reviewing the files and based on the advice of counsel, the Chief of Police has classified the internal affairs files as employee evaluation/job performance records."[2] You also state that "all three (3) investigations involve the former officer who is making the request as well as *Page 2 
several other officers" and that "[n]one of the officers who were the subjects of the investigations were suspended or terminated from employment." You also note that with regard to one of the files, the other officer involved has consented to its release, and a complete copy has therefore been provided to the requestor. With regard to the other two files, you note that "no one has consented to the release." Accordingly, you note, the Chief of Police "has made the decision to produce those investigations after redacting any references to other officers." Finally, you note, the Chief has "made the decision not to release any interview tapes that identify the other officers who were subjects of the investigation." You have enclosed copies, both redacted and un-redacted, of the two files for my review and state that the Chief is requesting my review of the propriety of his decisions.
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2005) is to state whether the decision of the custodian is consistent with the FOIA. In my opinion, after a review of the redacted and un-redacted records you have enclosed, the custodian's decision to redact any employee evaluation or job performance records of employees other than the requesting former employee is consistent with the Freedom of Information Act. Some of the records the custodian proposes to withhold from the second internal affairs file, however, are not in my opinion properly classified as "employee evaluation or job performance records" for purposes of the FOIA. In my opinion these records may not be withheld entirely from the requestor. There are a few items of information contained in those records and at various places throughout the second internal affairs file that must be redacted from the records to comply with separate exemptions found in the FOIA. Finally, the custodian's decision to withhold the interview tapes is in my opinion consistent with the FOIA, assuming the non-exempt portions of the transcripts of these tapes are provided.
Your question involves a potential clash between two separate provisions of the FOIA, as applied to the records in question. The first provision is the exemption for "employee evaluation or job performance records found at A.C.A. 25-19-105(c)(1), which provides that: *Page 3 
 (c)(1) Notwithstanding subdivision (b)(12) of this section,[3] all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
This provision therefore exempts employee evaluation or job performance records from public inspection unless all of the stated criteria for release have been met. As you note, the criteria for release have not been met in this instance, because you have stated that "[n]one of the officers who were the subjects of the investigations were suspended or terminated from employment." Suspension or termination from employment is a threshold requirement for the release of employee evaluation or job performance records. See Ops. Att'y Gen. 2006-150; 2005-267; 2001-125; 97-189 and 97-154. The records in question are therefore not subject topublic inspection and copying.
The second relevant provision, however, is subsection (c)(2) of the same statute, which states that:
 (2) Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
The FOIA request at issue herein is one made by (or on behalf of), a former employee of the Police Department, and seeks access to the former employee's own records under subsection (c)(2) above. Although he is entitled to see any or all of his own employee evaluation or job performance records, a problem arises in this instance due to the fact that the internal affairs investigations and files also contain some information that may be considered other employees' employee evaluation or job performance records. The issue is the extent to which the custodian may omit or redact records that may be the employee evaluation or job performance records of the other employees. *Page 4 
Several opinions of my predecessors touch upon this issue. The most relevant appears to be a 1991 Opinion (Op. Att'y Gen. 91-100). In that opinion, one of my predecessors stated the following in addressing a similar issue regarding a former police officer's request for his own records:
 It is my understanding that the information in question appears in Mr. Scott's job performance records as a result of transcripts of interviews that were conducted by the Department. Mr. Scott and other employees were apparently interviewed in connection with a criminal investigation and/or an internal affairs investigation. In either event, however, it is my opinion that information concerning other employees that appears in Mr. Scott's job performance records merely as part of a larger interview transcript, may be removed prior to release of the records to Mr. Scott. Mr. Scott's right of access to his personnel or evaluation records is clear. A.C.A. § 25-19-105(c)(2) (Advance Code Service 1990-91). This right would not appear, however, to encompass information concerning other employees that, although placed in Mr. Scott's personnel file, is not actually part of his evaluation or job performance records. You have noted that the other employees about whom the information pertains have not been suspended or terminated. Thus, even if it could be contended that the material is part of job performance records maintained on these employees, the FOIA would not afford access to Mr. Scott or his attorney.
(Emphasis added).
The fact that other employees' evaluation and job performance records are commingled with the requesting employee's records for purposes of a joint investigation does not, therefore, make the records the personnel or evaluation records of the requesting employee for purposes of A.C.A. § 25-19-105(c)(2).
In my opinion, as a consequence, with regard to the two internal affairs investigative files you have enclosed, any employee evaluation or job performance records pertaining to employees other than the requesting employee must be excised prior to the release of the requestor's own records. *Page 5 
In my opinion this result is not inconsistent with several other opinions issued by my predecessors, which suggest in some instances that an employee may inspect and copy his own personnel records or employee evaluation or job performance records, notwithstanding the fact that they might also be deemed to be the personnel record or employee evaluation records of other employees. In my opinion these other Opinions are distinguishable from the facts at hand.
For example, in Op. Att'y Gen. 2004-348, at issue was whether an assistant professor of music could gain access to letters or reports prepared by other faculty members used in assessing the assistant professor's job performance. My immediate predecessor stated:
 The possibility exists that your personnel or evaluation records would likewise represent personnel records of another employee. In my opinion, A.C.A. § 25-19-105(c)(2) establishes that these records would be subject to disclosure to you from your own file even if the other employee might have been able to avoid their disclosure to a member of the public. See Ark. Op. Att'y Gen. No. 95-131 (opining that A.C.A. § 25-19-105(c)(2) authorizes the release of another employees personnel or job performance records from one's own file regardless of whether the other employee could have resisted the disclosure as exempt had a member of the general public sought the disclosure).
Id. at 2.
The opinion mentioned within the excerpt above, Op. Att'y Gen. 95-131, concluded that a former university employee could review complaints and grievances filed against him by employees he formerly supervised, notwithstanding that some of the complaints and grievances might also be deemed the personnel records or employee evaluation or job performance records of the employees who wrote the complaints or filed the grievances. My predecessor concluded that "As long as the records in question can indeed be characterized as the requester's personnel or evaluation or job performance records, and he is the person `about whom the records are maintained' . . . [t]here is no statutory basis *Page 6 
for prohibiting him access because the records also happen to be the personnel or job performance records of other employees. . . ."[4]
Finally, in Op. Att'y Gen. 2000-058, one of my predecessors addressed a sexual harassment complaint filed by one police officer against another police officer and placed in the personnel files of each officer. The complaint also apparently included some information pertaining to "third parties" (neither the complaining officer nor the officer who was the main subject of the complaint). My predecessor drew a distinction on the one hand between: 1) the requesting officer's right to access the complaint that had been made against him, even though it might also have been deemed the personnel record of the complaining officer, and 2) the requesting officer's right to access information concerning third parties, that were not actually considered part of his personnel records:
 The right of an employee to access his own personnel records generally does not encompass information concerning other employees that, although placed in the requester's personnel file, is not actually properly considered a part of his or her personnel records.
 * * * It should be noted in this regard that when considering the officer's right to access his own personnel file, the above analysis does not apply to that portion of the complaint pertaining to the officer, even though its release might constitute a clearly unwarranted invasion of privacy as to some "personnel." This might apply, for instance, to privacy concerns of the complaining officer in connection with the sexual harassment allegations. You state that the complaint was also placed in the personnel file of the complaining officer. The complaint in this instance may also properly be considered a personnel record of the complaining officer. This does not, however, in my opinion, affect the *Page 7 
complaint's availability under the FOIA to the officer "about whom [it is] maintained." See A.C.A. § 25-19-105(c)(2), supra.
In my opinion these three opinions are distinguishable from the facts you present and from the facts in Op. Att'y Gen. 91-100 mentioned earlier. The three opinions mentioned above involve an employee's access to a letter, complaint or grievance written by another employee concerning the requesting employee. In that instance, the requesting employee is the person "about whom the record is maintained." The fact that such a letter or document is also placed in the file of the author of the document does not therefore prevent the requesting employee from accessing it under A.C.A. § 25-19-105(c)(2).
The facts you relate, however, do not involve one employee creating a document concerning another employee, but rather, involve a joint internal affairs investigation conducted by the police department involving more than one employee at the same time. In that instance, information contained within the file that constitutes employee evaluation or job performance records of other employees cannot be considered the employee evaluation, job performance, or personnel record of the requesting employee. As such, any employee evaluation or job performance records which cannot be deemed to be the records of the requesting employee, and which do not otherwise meet the test for disclosure, must be redacted prior to release of the employee's own employee evaluation or job performance records. As a consequence, in my opinion the custodian's decision to redact such information from the two files at issue in your request is consistent with the FOIA.
Three final points should be mentioned, however.
First, I should note, from a review of the redacted and un-redacted copies of records you have enclosed, that the custodian apparently proposes to withhold a number of records that I cannot agree are properly classified as the "employee evaluation or job performance records." My predecessors have consistently opined that records in an internal affairs file that have been "generated at the behest of an employer in the course of investigating a complaint against an employee constitute `employee evaluation/job performance records'" within the meaning of the FOIA. See Ops. Att'y Gen. 2006-106; 2005-267; 2005-094; 2004-178; 2003-306; and 2001-063. It has been opined, however, that "[d]ocuments not created in the evaluation process do not come within the rationale behind the 25-19-105(c)(1) *Page 8 
exemption." See Op. Att'y Gen.2005-267, citing Op. Att'y Gen. 2005-094. It has therefore been stated that: ". . . some of the records contained in [an] internal affairs file may not constitute . . . employee evaluation/job performance records . . ." and that "such records must be evaluated by the custodian to determine whether they are subject to other specific exemptions from disclosure." Op. Att'y Gen. 2003-306 at 4.
A number of the records the custodian proposes to withhold with regard to the second internal affairs file at issue herein were apparently not "generated" as a result of the investigation, but were pre-existing, otherwise public records that were included in the internal affairs investigative file. I refer to such records as departmental policies and rules and codes of conduct, criminal statutes, a radio log, an incident report, an arrest report, a booking sheet, intake form, affidavit of probable cause, and an order of probable cause. These documents do not appear to meet the definition of "employee evaluation or job performance records," and in my opinion may not be withheld on the basis of that exemption. These records may be mere public records subject to no general exemption allowing the custodian to withhold them entirely from the requester. See, e.g., Op. Att'y Gen. 2006-106.[5]
Second, however, there is some information contained within these documents, and in fact throughout the second internal affairs files you have enclosed, that must be redacted to comply with other applicable exemptions in the FOIA. Notwithstanding the fact that this FOIA request has been made by a former employee seeking his own records under A.C.A. § 25-19-105(c)(2), other particular exemptions may require redactions from these records. Op. Att'y Gen. 2003-055. As my predecessor stated in Op. Att'y Gen. 2004-348 with regard to a professor's access to student evaluations concerning him, "It is not at all clear that subsection (c)(2) controls as to information shielded by other exemptions. It does not appear that the legislature had this particular issue in mind when adopting (c)(2)." In Opinion 2004-348, it was concluded that the custodian was correct to redact student names under the A.C.A. §25-19-105(b)(2) exemption for "education records" prior to releasing student evaluations concerning a professor who had requested his own records. In my opinion, similarly, in addition to the *Page 9 
custodian's redaction of the employee evaluation or job performance records of other employees, a number of other items of information need to be redacted under separate exemptions before the balance of the second internal affairs file you have enclosed is released to the former police officer. In my opinion information such as social security numbers, driver's license numbers, and medical records must be excised. See, e.g., Op. Att'y Gen. No. 2001-080 (". . . the social security number must be redacted . . . anywhere it appears throughout the personnel documents in accordance with federal law" citing 5 U.S.C. § 552a, note (the Federal Privacy Act); and 42 U.S.C. § 405(c)(2)(C)(viii));" (driver's license numbers must be redacted pursuant to the federal "Driver's License Privacy Protection Act," 18 U.S.C. § 2721 et seq.); and Opinion No.2000-130 (". . . any medical records would be exempt from disclosure under A.C.A. § 25-19-105(b)(2)," stating that "The Attorney General has consistently interpreted the term "medical records," as used in the FOIA, to encompass "records containing information relating to the treatment or diagnosis of a medical condition" citing Ops. Att'y Gen. Nos. 1999-110; 98-202; and 89-147.
Finally, you mention that the custodian has decided not to release "any interview tapes that identify the other officers who were the subjects of the investigation." In my opinion this decision is consistent with the FOIA as long as the non-exempt portions of the transcripts of the tapes have been provided. My predecessor addressed this issue in Op. Att'y Gen. 2003-055, in which he stated:
 I note that although the redaction of names and personal identifiers from a paper or electronic transcript of an interview would be a simple matter, removing personal identifiers (such as the sound of a particular individual's voice) from a tape recording may be more challenging. If the custodian of the records finds that names and personal identifiers should be redacted from the records that have been requested in this case, and redaction from the tape recordings would be impossible as a practical matter, the custodian may be justified in providing the transcripts only.
Id. at 5.
In my opinion, therefore, the custodian's decision in this regard is consistent with the FOIA. *Page 10 
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:ECW/cyh
[1] Although the former officer's attorney refers to his client's "termination" from employment, the records enclosed with your request indicate that the officer submitted his resignation to the Police Department.
[2] My predecessors have defined such records as including any records created by or at the behest of an employer that detail the performance or lack of performance of an employee or employees with regard to a particular incident or incidents. See, e.g., Op. Att'y Gen.2006-182.
[3] Subsection (b)(12) is the exemption for "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[4] One aspect of this opinion was later repudiated. See Ops. Att'y Gen. 96-257 and 96-033 (concluding that records must be initially generated and created in the evaluation process to qualify as "employee evaluation or job performance records," and may not become such simply by later use in that process).
[5] Although in some instances the release of such records might betray the contents of exempt employee evaluation or job performance records, particularly where the FOIA request was made with regard to a particular employee or employees, in my opinion this concern is not determinative where, as here, the employee is seeking access to his own records. *Page 1